CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

JUL 01 2014

JULIA C. [illegible], CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **PIERRE A. RENOIR,** | ) | CASE NO. 7:14CV00320 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNKNOWN,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Pierre A. Renoir, a Virginia inmate proceeding pro se, filed this action, claiming that in the past, state and federal judges have violated his constitutional rights.[1] Liberally construing his submissions, the court docketed them as a civil rights action pursuant to 42 U.S.C. § 1983. Because Renoir has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Renoir's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners

---

[1] Renoir's lengthy submission, which does not name any defendant, alleges that a state judge covered up sexual abuse of children by convicting Renoir of sexual offenses. He also complains that all judges have too much power to convict and sentence defendants and to overturn legislation as unconstitutional. Renoir submits a copy of his proposed constitutional amendment limiting judicial power and a "copywrited" song for his "revolution," with the title "A Judge is Just a Lawyer in an Ugly Black Dress." (Compl. 43.) Renoir says, "A revolution without a good hate song is like apple pie without ice cream." (Compl. 44.) As compensation for past wrongs, Renoir demands a full pardon, a name change, a state police pension, a "'surplus' National Guard HUMMVE," a "'retired' State Police Harley Davidson," and immediate release from prison.

who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions. See, e.g., Renoir v. Governor of Virginia, 755 F. Supp. 2d 82 (D. D.C. 2010) (dismissed under § 1915(g)); Renoir v. Davidson, No. 08-cv-333, 2008 WL 2944893, at *1 (E.D. Wisc. 2008) (noting accumulation of three "strikes"); Renoir v. Brown, No. 07CV00166, 2007 WL 1052477, at *1 (W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); Renoir v. Ray, 7:06CV00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); Renoir v. Wilson, Civil Action No. 7:99CV00810 (W.D. Va. 1999) (dismissed as frivolous). Accordingly, Renoir may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g). Renoir's allegations fail to show that the past conduct of which he complains in this action has placed him in imminent danger of physical harm.

Because the records reflect that Renoir has at least three "strikes" under § 1915(g) and has not demonstrated that he is in imminent danger of physical harm, the court denies Renoir the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of July, 2014.

*/s/ Glen Conrad*
Chief United States District Judge